Citation Nr: 1617283 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 09-16 191 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss disability, for accrued benefits purposes. 
 
 2. Entitlement to service connection for tinnitus, for accrued benefits purposes.


REPRESENTATION

Appellant represented by: Mr. Robert C. Brown, Attorney at Law


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife

ATTORNEY FOR THE BOARD

J. Murray, Counsel 


INTRODUCTION

The Veteran served in the Army National Guard from October 1947 to July 1949. The Veteran died in September 2012, and his widow has been substituted as the claimant in this matter.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma, that denied the benefits sought on appeal. 

The Veteran and his wife testified before the undersigned Acting Veterans Law Judge at a hearing at the RO in November 2010. A copy of the hearing transcript has been associated with the claims folder. The Board hearing was sufficient to fulfill his right to a hearing under 38 C.F.R. § 20.700(a) (2015).

The Board subsequently remanded the case in January 2011 for further evidentiary development and adjudication. 

In an August 2011 decision, the Board denied the Veteran's claims of entitlement to service connection for bilateral hearing loss and tinnitus. The appellant appealed to the U.S. Court of Appeals for Veterans Claims (Court). In May 2013, the Court vacated and remanded the appeal for further action consistent with its memorandum decision. 

After the Veteran's death in September 2012, his widow submitted a November 2012 application for accrued benefits. Under the Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008) which created 38 U.S.C.A. § 5121A (West 2014) (substitution in case of death of a claimant who dies on or after October 10, 2008), persons who would be eligible for accrued benefits may be substituted for a Veteran who dies during the pendency of an appeal. Evidence associated with the claims file reflects that the appellant is the Veteran's surviving spouse. As such, she is eligible to apply for accrued benefits and was properly substituted as claimant in place of the Veteran in December 2012. 38 U.S.C.A. § 5121A.

In November 2013 and August 2014, the appellant's claim was remanded for further development. The matters now return to the Board for appellate consideration. 

During the pendency of this appeal, the Veteran's paper claims file was processed using the electronic Virtual VA and Veterans Benefit Management System (VBMS) paperless claims systems. Accordingly, any future consideration of this claim should take into consideration the existence of the electronic record.

 Please note that this appeal has been advanced on the Boards docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The competent medical evidence does not demonstrate that the Veteran's hearing loss disability was incurred during his service or within one year of separation from service, and the preponderance of the competent evidence is against a finding that his hearing loss disability is attributable to active military service. 
 
2. The preponderance of competent evidence of record is against a finding that the Veteran's tinnitus is attributable to his active military service.


CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309, 3.385 (2015). 
 
2. The criteria for entitlement to service connection for tinnitus have not been met 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

1. VA's Duty to Notify and Assist 

With respect to the Veteran's claims decided herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326. 

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004), the Court held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 

Prior to the initial adjudication of the Veteran's claims, VA sent notice a letter dated in April 2008 that satisfied the duty to notify provisions. See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1); Quartuccio at 187. Also, in that letter informed the Veteran of how VA determines the appropriate disability rating or effective date to be assigned when a claim is granted. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

The Board also concludes VA's duty to assist has been satisfied. The Veteran's service treatment records and VA treatment records as well as his lay statements are in the file. Prior to his death, the Veteran submitted opinions from two private audiologists. Nothing about the evidence or any response to the RO's notification suggests that the case must be re-adjudicated ab initio to satisfy the requirements of the VCAA. 

Pursuant to the Board's 2011 remand directives, the Veteran was afforded with VA audiology in April 2011, and a supplemental VA medical opinion was obtained in August 2015 in compliance with the Board's 2013 and 2014 remand directives. In the April 2011 VA examination report, the VA examiner recorded the Veteran's subjective medical history, recorded the audiometric findings from clinical evaluation, identified the nature of the claimed disorder, and provided a medical opinion on the etiology of the diagnosed disorder. Any discrepancies contained in the April 2011 medical opinion were addressed and resolved by the August 2015 supplement VA medical opinion. The August 2015 VA examiner reviewed the claims folder, including the findings from the April 2011 VA examination, and provide medical conclusion supported by detailed rational statement. The Board finds that the findings from the VA examination report and supplemental VA medical opinion report are adequate for adjudication purposes. See Barr v. Nicholson, 21 Vet. App. 303 (2007). Moreover, there has been compliance with the Board's 2011, 2013, and 2014 remand directives, and no further action is required at this time. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Additionally, the appellant's representative has submitted written argument, and the Veteran and his wife, the appellant, testified before the undersigned Veterans Law Judge at a hearing at the RO in November 2010. During the hearing, the undersigned fully explained the issues on appeal during the hearings. The hearing focused on the elements necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate his claim. Significantly, neither the appellant nor her representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2), nor has she identified any prejudice in the conduct of the hearings. The Board finds that the undersigned complied with the duties set forth in 38 C.F.R. § 3.103(c)(2). See Bryant v. Shinseki, 23 Vet. App. 488 (2010). 

The appellant has not identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. See Bernard v. Brown, 4 Vet. App. 384 (1993). 

In short, the Board has carefully considered the provisions of the VCAA, in light of the record on appeal and, for the reasons expressed above, finds that the development of the appellant's claims has been consistent with said provisions. The Board is satisfied that any procedural errors in the originating agency's development and consideration of the issues on appeal were insignificant and nonprejudicial to the appellant. The appellant has been accorded ample opportunity to present evidence and argument in support of the claims. See 38 C.F.R. § 3.103. For the foregoing reasons, it is not prejudicial to the appellant for the Board to proceed to a final decision in this appeal. 

2. Service Connection 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge when all of the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If a condition noted during service is not shown to be chronic, then generally, a showing of continuity of symptoms after service is required for service connection. See 38 C.F.R. § 3.303(b). The chronicity provision of 38 U.S.C.A. § 3.303(b) is applicable where the evidence, regardless of its date, shows that the Veteran had a chronic condition in service or during an applicable presumption period and still has such condition. Regulations also provide that service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury which was incurred in or aggravated by service. 38 C.F.R. § 3.303(d). 

The United States Court of Appeals for the Federal Circuit (Federal Circuit Court), however, clarified that this notion of continuity of symptomatology since service under 38 C.F.R. § 3.303(b), which as mentioned is an alternative means of establishing the required nexus or linkage between current disability and service, only applies to conditions identified as chronic under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Certain chronic diseases, including sensorineural hearing loss, although not shown in service, may be presumed to have incurred in or aggravated by service if they become manifested to a compensable degree within one year of separation from active duty. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. 

To prevail on the issue of service connection, generally, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and 
 (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

For the purpose of applying the laws administered by the VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz (Hz) is 40 decibels (dB) or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000 or 4000 Hz are 26 dB or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

With audiological examinations, the threshold for normal hearing is from zero to 20 decibels; higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet App. 155 (1993). It is noted, however, that unless a hearing loss as defined under 38 C.F.R. § 3.385 is shown, VA may not grant service connection for hearing loss.

 The determination as to whether the requirements for service connection are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. 38 U.S.C.A. § 7104(a); Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a). 

If there is at least an approximate balance of positive and negative evidence regarding any issue material to the claim, the claimant shall be given the benefit of the doubt in resolving each such issue. 38 U.S.C.A. § 5107; Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); 38 C.F.R. §§ 3.102. On the other hand, if the Board determines that the preponderance of the evidence is against the claim, it has necessarily found that the evidence is not in approximate balance, and the benefit of the doubt rule is not applicable. Ortiz, 274 F.3d at 1365.

The appellant seeks service connection for the Veteran's bilateral hearing loss and tinnitus. She contends that the Veteran's bilateral hearing loss and tinnitus had their onset in, or are otherwise related to acoustic trauma sustained during his active military service. 

Prior to his death, the Veteran asserted that his bilateral hearing loss and tinnitus were attributable to noise exposure while serving in the Army National Guard, including engine noise from his training as an auto mechanic and acoustic trauma from standing near firing howitzers. The Veteran also reported that he had experienced post-service noise exposure while working as a roughneck for an oil company for 15 years following his separation from the National Guard. See April 2011 VA examination report. 

Initially, the Board notes that VA audiology examination conducted in April 2011 shows a bilateral hearing loss disability for VA purposes, as well as a diagnosis of tinnitus. 38 C.F.R. § 3.385. As such, the first element is met for both the hearing loss and tinnitus claims.

However, a current disability alone is not sufficient to warrant service connection. There must also be evidence of an in-service disease or injury and a medical nexus between the current disability and the in-service disease or injury. See Shedden, supra. The Board will separately discuss disease and injury.

A review of the Veteran's service treatment records reveals a report of physical examination conducted in October 1947, which did not contain audiometric data. At that examination, a whispered voice test conducted at that examination recorded a score for the appellant of 15 bilaterally, a normal score. No separation documents are present in the Veteran's claims file. 
The first post-service medical evidence of the Veteran's hearing and ear-related problems dates to 1990. The report of a 1990 private audiological treatment record reflects that the Veteran complained of having experienced hearing loss and tinnitus for approximately one year. He was diagnosed with bilateral hearing loss. Subsequent VA and private medical records show diagnosis of tinnitus, and continue to show complaints of bilateral hearing loss and tinnitus problems. 

Service treatment records do not indicate that the Veteran complained about hearing impairment or sought treatment for any ear-related problems while in military service. Moreover, there is also no evidence of hearing loss within the one year presumptive period after service. See 38 C.F.R. §§ 3.307, 3.309(a). Accordingly, element (2) is not met with respect to disease.

Turning to in-service injury, the Veteran's service records document that he took an auto mechanics course while in the Army National Guard; however, the Veteran did not have combat service. Despite the lack of combat service, the Veteran's personnel records support some likely hazardous noise exposure given his military service. See VA Fast Letter 10-35 (September 2, 2010) (discussing the Duty MOS Noise Exposure Listing). Thus, based on the circumstances of the Veteran's duties, noise exposure is established. Therefore, the Board finds that the Veteran was exposed to acoustic trauma during service and element (2) is satisfied.

With respect to crucial element (3), nexus, the question presented, i.e., the relationship, if any, between the Veteran's bilateral hearing loss and tinnitus, and his military service, is essentially medical in nature. The Board is prohibited from exercising its own independent judgment to resolve medical questions. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991). Here, the record contains three medical opinions that address the etiology of the Veteran's bilateral hearing loss and tinnitus. 

It is well established that the Board is within its province to weigh conflicting medical evidence. In assessing medical evidence, whether a physician provides a basis for his medical opinion goes to the weight or credibility of the evidence in the adjudication of the merits. See Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998). Other factors for assessing the probative value of a medical opinion are the physician's access to the claims file and the thoroughness and detail of the opinion. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000). The weight of a medical opinion is diminished where that opinion is ambivalent, based on an inaccurate factual premise, based on an examination of limited scope, or where the basis for the opinion is not stated. See Sklar v. Brown, 5 Vet. App. 140 (1993); Reonal v. Brown, 5 Vet. App. 458 (1993); Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993); Swann v. Brown, 5 Vet. App. 229, 232 (1993). The Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994).

The Veteran submitted private opinions dated in May 2008 and March 2009 from audiologists who conducted audiological examination and both diagnosed him with bilateral hearing loss and tinnitus. The May 2008 private audiologist acknowledged the Veteran's reported history of acoustic trauma from firing Howitzers in the National Guard and opined that, "after reviewing [the Veteran's] service history, it is as likely as not that [the Veteran's] hearing loss and tinnitus are the result of his exposure to hazardous noise while in the service." The 2008 private audiologist did not offer any rationale for his conclusions. Similarly, the March 2009 private audiologist diagnosed the Veteran with bilateral hearing loss and tinnitus and concluded that "it is just as likely as not that at least some of [the Veteran's] hearing loss and tinnitus are the result of his exposure to hazardous noise while in the service." Again, the 2009 private audiologist did not provide any rationale for her opinion. 

The Board finds that the 2008 and 2009 private audiologists' medical opinions contain limited, if any, probative value in this matter. In so finding, the Board notes that the May 2008 and March 2009 private physicians do not appear to have reviewed the Veteran's service treatment records or post-service treatment history in rendering their opinions, relying solely on the appellant's reported history. In that regard, they did not account for the Veteran's post-service history of noise exposure, which he reported in April 2011. Further, the private audiologists failed to offer any rationale to support their opinions. 

In contrast, the Board finds that the report of an August 2015 examiner is more probative in this matter, and it weighs heavily against the Veteran's claims. In this regard, the 2015 VA examiner provided rational statements in support of his medical conclusions. The Board also gives significant probative value to the comments from the 2015 VA examiner, since the VA examiner had access to the entire claims file, to include the service treatment records, post-service treatment records, and previous private medical statements.

The August 2015 VA examiner concluded that based on a review of the claims folder, it was less likely than not that the Veteran's bilateral hearing loss and tinnitus were etiologically related to his period of service. The August 2015 VA examiner provided a detailed rational statement that noted the Veteran's service treatment records did not show complaints or treatment for hearing loss or tinnitus, and the first medical evidence of hearing loss and tinnitus is not shown until 1990, approximately 40 years after his separation from service. The VA examiner also observed that the Veteran reported post-service occupational noise exposure when he worked as a roughneck for an oil company for 15 months and his exposure to farm equipment from his work on the farm. 

The August 2015 VA examiner also observed that the Veteran significant medical history for diabetes, high blood pressure, and heart conditions, and he took multiple medications. The VA examiner noted that the Veteran's tinnitus could be linked to his reported multiple health issues which required the need for multiple medications. Moreover, the August 2015 VA examiner observed that the audiometric findings contained in the April 2011 VA examination report were indicative of presbycusis (hearing loss due to age), rather than noise exposure.

The August 2015 VA examiner also considered, but discounted the 2008 and 2009 private audiologist's medical opinions. In this regard, the VA examiner noted that both private audiologists concluded that the Veteran's hearing loss was "at least as likely as not a result of veteran's exposure to hazardous noise while in the service"; however, the VA examiner observed these opinions were solely based on the Veteran's reported medical history and did not identify any evidence contained in the claim folders. 

The August 2015 VA examiner concluded that given the absence of evidence of hearing loss and tinnitus in service, the Veteran's post-service noise exposure, and the lack of complaints of hearing loss or tinnitus within 40 years of his military service, it was less likely than not that the Veteran's current hearing loss and tinnitus are a result of military acoustic trauma.

The Board finds that the August 2015 VA examiner's medical opinion is highly probative in that it is well-reasoned, based on current medical knowledge, and grounded in the facts that are specific to the Veteran's case. Moreover, the VA examiner's conclusion has not been questioned by any competent evidence on the subject. As such, this opinion is entitled to great weight and weighs heavily against the claims. 

Given the failure of the 2008 and 2009 private audiologist to adequately consider or discuss the totality of the Veteran's medical history or to offer any rationale for their opinions, and in light of the well-reasoned negative opinion offered by the VA examiner in August 2015, which relied on consideration of the entire medical history as well as the examiner's medical knowledge and expertise, the Board finds the private audiologists' medical conclusions to be of less probative value. See Gabrielson, 7 Vet. App. at 40.

To the extent that the Veteran, the appellant or her representative, contend that a medical relationship exists between the Veteran's current disorders and service, the Board again acknowledges that the Veteran is competent to testify as to his observations. Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Furthermore, lay witnesses may, in some circumstances, opine on questions of diagnosis and etiology. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009) (finding that the Board's categorical statement that "a valid medical opinion" was required to establish nexus, and that a layperson was "not competent" to provide testimony as to nexus because she was a layperson, conflicts with Jandreau). In the instant case, however, the Board finds that the question regarding the potential relationship between the Veteran's tinnitus and hearing loss, and any instance of his military service, to include noise exposure, to be complex in nature. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). 

 Additionally, the Veteran and the appellant have offered only conclusory statements regarding the relationship between the Veteran's in-service noise exposure and his current disorders. In contrast, the 2015 VA examiner provided a detailed rationale in support of the opinions that the Veteran's current bilateral hearing loss and tinnitus were not related to service, and cited to the relevant evidence. For this reason, the VA examiner's opinion is the most probative evidence of record. See Prejean, supra. As such, the preponderance of the evidence weighs against a finding that the Veteran's bilateral hearing loss and tinnitus are due to any event or injury in service. 

As noted above in the legal criteria above, under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third service-connection element for certain chronic diseases is through a demonstration of continuity of symptomatology. See Walker v. Shinseki, 708 F.3d 1331(Fed. Cir. 2013). The Board acknowledges that lay evidence concerning continuity of symptoms after service, if credible, is ultimately competent, regardless of the lack of contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). 

However, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir.1996) (table); Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. The former is a legal concept determining whether testimony may be heard and considered by the trier of fact, while the latter is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) (noting that "although interest may affect the credibility of testimony, it does not affect competency to testify"). 

In this case, there is no dispute that Veteran is competent to report events that occurred in service, and to describe symptoms of hearing loss and tinnitus because this requires only personal knowledge as it comes to him through his senses. Layno, 6 Vet. App. at 470. In such cases, the Board is within its province to weigh that testimony and to make a credibility determination. 

Here, the Board finds that to the extent that the Veteran may contend that he has had continued hearing loss and tinnitus since active service, such statements, while competent, are nonetheless not credible. While during the November 2010 Board hearing the Veteran reported the onset of his bilateral hearing loss and tinnitus was during his period of service, at the time of his June 1990 private audiology examination, he only reported having had symptoms hearing loss and tinnitus for approximately one year. Given the Veteran's inconsistent reports regarding the onset of his hearing loss and tinnitus problems, the Board does not find his reports of onset in service and continuity of symptoms since service to be credible. 

Also, consideration is given to the multi-year gap between discharge from active duty service and first medical evidence of hearing loss and tinnitus, over four decades after service separation. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (indicating that "evidence of a prolonged period without medical complaint can be considered, along with other factors concerning the [V]eteran's health and medical treatment during and after military service, as evidence of whether a pre-existing condition was aggravated by military service"). 

 For the reasons set forth above, the Board finds any statement with regard to continuity of symptomatology since service lacks credibility and is without probative value. See, e.g. Madden v. Gober, 125 F.3d 1477, 1481 (1997) (finding that the Board is entitled to discount the credibility of evidence in light of its own inherent characteristics and its relationship to other items of evidence); Pond v. West, 12 Vet. App. 341 (1999) (noting that although Board must take into consideration a Veteran's statements, it may consider whether self-interest may be a factor in making such statements). 

Therefore, element (3), nexus, has not been satisfied, and the claims fail on this basis. In the absence of any persuasive evidence that the Veteran's current hearing loss and tinnitus are etiologically related to active service, service connection is not warranted and the claims must be denied. As the preponderance of the evidence is against the claims, the benefit of the doubt rule is inapplicable. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.



ORDER

Entitlement to service connection for bilateral hearing loss is denied. 

 Entitlement to service connection for tinnitus is denied.




____________________________________________
J. K. BARONE 
 Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs